UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 11-10115 CAS (VBx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | JAMES YESFORD, ET AL. v. CITY OF MCFARLAND, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) DEFENDANTS' MOTION TO TRANSFER (filed 2/6/2012)

## I. INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 12, 2012, is vacated, and the matter is hereby taken under submission.

On November 1, 2011, plaintiffs James Yesford ("Yesford") and Mark Shiva ("Shiva") filed a complaint in Los Angeles County Superior Court against the City of McFarland ("McFarland"), McFarland Police Sergeant and Interim Chief Greg Herrington, former McFarland Police Chief David Oberhoffer, and Does 1–100. The complaint alleges the following claims: (1) violation of the Police Officer's Bill of Rights pursuant to Cal. Gov. Code §§ 3300 et seq.; (2) malicious prosecution; (3) false arrest and false imprisonment; (4) violation of the Bane Act, Cal. Civ. Code §§ 52.1 et seq.; and (5) retaliation. The gravamen of the complaint is that defendants retaliated against plaintiffs after plaintiffs filed a "whistle blower complaint" against the police department for allegedly unlawful hirings. E.g., Compl. ¶ 20.

On December 6, 2011, defendants removed to this court pursuant to 28 U.S.C. § 1441. On February 6, 2012, defendants filed a motion to transfer the case to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1404(a). On February 23, 2012, plaintiffs filed an opposition. On February 28, 2012, defendants filed a reply. Defendants' motion is presently before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10115 CAS (VBx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | JAMES YESFORD, ET AL. v. CITY OF MCFARLAND, ET AL. | | |

## II.  BACKGROUND

Plaintiffs allege that around September 2010, Shiva, with the help of Yesford, applied for the McFarland police chief position. Compl. ¶¶ 9–10.  According to plaintiffs, the MacFarland city manager informed Shiva that he had not been chosen as police chief but offered him a sergeant position instead.  Id. ¶ 15.  Plaintiffs aver that sometime after Shiva purported to accept the offer, a McFarland police officer informed him—falsely—that no such position was available.[1]  Id. ¶ 16.

In January 2011, Shiva allegedly made a "formal complaint" against defendants for hiring police officers whose criminal histories should have disqualified them from serving.  Id. ¶¶ 17–18.  Plaintiffs allege that Shiva's allegations were subsequently reported in the press.  Id. ¶¶ 19–20.  According to plaintiffs, McFarland Police Sergeant Herrington retaliated by attempting to access Shiva and Yesford's confidential police files, which were located in Compton and Rialto, California.  Id. ¶¶ 20–21.  Plaintiffs further allege that defendants presented false information to a magistrate in order to secure warrants for plaintiffs' arrest.  Id. ¶ 23.  Based on these warrants, plaintiffs allege that Yesford was arrested and spent a night in jail in Arizona.  Id. ¶¶ 23–24.

## III.  LEGAL STANDARD

Section 1404(a) of title 28 of the United States Code permits a court to transfer a civil action to another judicial district "where it might have been brought" when the transfer is "[f]or the convenience of parties and witnesses, and in the interests of justice." 28 U.S.C. § 1404(a); Amini Innovation Corp. v. JS Imports, Inc., 497 F. Supp. 2d 1093, 1108 (C.D. Cal. 2007).

In deciding a motion to transfer pursuant to 28 U.S.C. § 1404(a), the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  28 U.S.C. § 1404(a); see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

---

[1] Plaintiffs allege that Shiva was in Los Angeles County for all of the phone calls with McFarland and the McFarland police department.  It is unclear if Yesford partook in these calls.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10115 CAS (VBx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | JAMES YESFORD, ET AL. v. CITY OF MCFARLAND, ET AL. | | |

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's claims in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29–30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 MOORE'S FEDERAL PRACTICE § 111.13[1][c] (3d ed. 1997).

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278–279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

## IV. DISCUSSION

The parties do not dispute that the Eastern District of California is a venue in which this case could have been initially brought. See 28 U.S.C. § 1404(a). Accordingly, the Court's analysis focuses on which forum would serve the convenience of the parties and witnesses and whether the interests of justice favor transfer. See Los Angeles Mem'l Coliseum, 89 F.R.D. at 499.

### 1. Convenience of the Parties

Defendants argue that the convenience of the parties weighs heavily in favor of transfer because the City of McFarland is located in, and Herrington resides in, the Eastern District of California. Mot. at 7. Additionally, defendants argue that Herrington would be detracted from his police chief duties traveling back and forth between Bakersfield and Los Angeles if the case is not transferred. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10115 CAS (VBx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | JAMES YESFORD, ET AL. v. CITY OF MCFARLAND, ET AL. | | |

In opposition, plaintiffs contend that Herrington maintains a Riverside County address in addition to his Bakersfield address. Opp'n at 3. Additionally, plaintiffs argue that they would suffer financial hardship if the case were litigated in the Eastern District because they are currently unemployed. Id. at 3.

The Court finds that convenience of the parties weighs in favor of transfer to the Eastern District. Two of the three defendants (McFarland and Herrington) reside in the Eastern District and the third defendant resides in Contra Costa County. By contrast, only one plaintiff resides in the Central District while the other lives in Arizona. The complaint merely states that plaintiffs' addresses are "confidential pursuant to the Penal Code" but that "[a]t least one plaintiff was a resident of the County of Los Angeles, State of California at the applicable times." Compl. ¶ 3. Because two of the three defendants live in the Eastern District and one lives in the Northern District, the convenience of the parties weighs in favor of transfer.

### 2. Convenience of the Witnesses

Defendants argue that the majority of the witnesses will be current or former employees of the City of McFarland because the complaint arises out of Shiva's application for the McFarland police chief position. Mot. at 8. Specifically, defendants list and provide the declarations of eight anticipated witnesses, all of whom reside in the Eastern District and attend to official duties there. Id. at 9–15.

In opposition, plaintiffs argue that eleven out of twenty-four witnesses listed in defendants' Rule 26 disclosure appear to reside in the Central District, and seven out of eighteen of their own witness reside in the Central District. Opp'n at 3. Based on the nature of their claims, plaintiffs also contend that the testimony of some of defendants' witnesses will be irrelevant, namely, that of McFarland City Council Members. Id.

In reply, defendants argue that plaintiffs only speculate as to where their likely witnesses reside, which is insufficient to demonstrate inconvenience to non-party witnesses. Reply at 4–5 (citing In re Yahoo! Inc., 2008 WL 707405, *5 (C.D. Cal. Mar. 10, 2008)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10115 CAS (VBx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | JAMES YESFORD, ET AL. v. CITY OF MCFARLAND, ET AL. | | |

The Court finds that the convenience of the witnesses weighs in favor of transfer to the Eastern District. "In determining the convenience of the witnesses, the Court must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." Gherebi v. Bush, 352 F.3d 1278, 1304 n. 33 (9th Cir. 2003), vacated on other grounds by Bush v. Gherebi, 542 U.S. 952 (2004). Here, a majority of both plaintiffs' and defendants' witnesses reside in the Eastern District. Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141, 1148 (C.D. Cal. 2009) (transferring to the forum where the majority of witnesses were located). Furthermore, and more importantly, defendants have offered eight material witnesses who all reside in the Eastern District, including several McFarland police officers and city employees. Because those witnesses' testimony will be crucial to establishing or refuting plaintiff's allegations of retaliation, and because plaintiffs have not shown that a significant number of material witnesses are located in the Central District, convenience of the witnesses support transfer.

### 3. Interests of Justice

Defendants argue that the case should be transferred to the Eastern District because the claims arise from Shiva's application for McFarland's police chief position and all but one of the operative facts occurred in Kern County. Mot. at 15–16.

In opposition, plaintiffs argue that a central operative fact occurred in the Central District—namely, that defendants illegally accessed plaintiffs' confidential police files in Los Angeles and San Bernardino Counties. Opp'n at 5.

The Court finds that the interests of justice weigh in favor of transfer to the Eastern District. While a court ordinarily affords deference to a plaintiff's choice of forum, that deference is diminished if the moving party establishes one or more of the following factors:

(1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | JS-6 |
| Case No. | CV 11-10115 CAS (VBx) | Date | March 8, 2012 |
| Title | JAMES YESFORD, ET AL. v. CITY OF MCFARLAND, ET AL. | | |

Metz, 674 F. Supp. 2d at 1146; see also Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968) (holding that a plaintiff's choice of forum is entitled to only "minimal consideration" when "the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter . . . .").

Here, all events giving rise to the complaint are based on conduct alleged to have been committed by McFarland employees in or around McFarland, such as the issuance of the arrest warrant and the allegedly false statement that the police department did not have an open sergeant position.[2]  See In re Apple, Inc., 602 F.3d 909, 914 (8th Cir. 2010) (affirming transfer of case to venue where the "alleged misconduct" occurred). Moreover, as discussed above, none of the defendants resides in the Central District and only one plaintiff does.  Finally, as also discussed above, the Eastern District has a greater interest in a lawsuit that may impact the integrity of one of its city's police forces.  See Gemini Capital Group, Inc. v. Yap Fishing Corp., 150 F.3d 1088, 1094 (9th Cir. 1998) (finding other venue more convenient where it had a "local interest" in the case).

Accordingly, the interests of justice also weigh in favor of transfer.

**V.    CONCLUSION**

In accordance with the foregoing, defendants' motion to transfer is GRANTED, and the case is hereby transferred to the United States District Court for the Eastern District of California.

IT IS SO ORDERED.

| | | | |
|---|---|---|---|
| | | 00 | : 00 |
| | Initials of Preparer | CMJ | |

---

[2]The only operative allegation committed in the Central District is that defendants accessed plaintiffs' confidential police files there.  However, that allegation bears only on plaintiffs' first claim for violation of the Police Officers Bill of Rights pursuant to Cal. Gov. Code §§ 3300 et seq. and has no bearing on the other claims.